**NOT FOR PUBLICATION**

**CLOSED**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DERECK MCKINNIE,<br><br>Plaintiff,<br><br>v.<br><br>SUPERIOR COURT OF NEW JERSEY HUDSON COUNTY CHANCERY DIV. FAMILY PART, *et al.*,<br><br>Defendants. | Civil Action No.: 14-1092 (CCC)<br><br>**MEMORANDUM OPINION AND ORDER** |

**THIS MATTER** having come before the Court by way of the Amended Complaint filed by Plaintiff Dereck McKinnie ("Plaintiff") on December 19, 2014 (ECF No. 13); and

**WHEREAS** Plaintiff initially filed a Complaint in this matter on February 18, 2014 (ECF No. 1); and

**WHEREAS** on October 7, 2014, this Court entered an order which (1) granted Plaintiff's *in forma pauperis* application and (2) dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted, without prejudice, as the Complaint failed to include a short and plain statement of Plaintiff's claim, the basis for this Court's jurisdiction and the relief sought, and (3) granted Plaintiff permission to reopen his case within thirty (30) days of the entry of that order by filing an amended complaint (ECF No. 8); and

**WHEREAS** on October 9, 2014, Plaintiff filed a letter labeled "Amend Discovery An Evidence," which enclosed various documents but did not state anything independent of the documents enclosed (ECF No. 10); and

**WHEREAS** it appeared to the Court that Plaintiff may have intended to amend his Complaint with his October 9, 2014 letter; and

**WHEREAS** the Court therefore granted Plaintiff an additional opportunity to file an amended complaint that would include a short and plain statement of the Plaintiff's claim, the grounds for the Court's jurisdiction and the relief that Plaintiff seeks; and

**WHEREAS** Plaintiff filed an Amended Complaint on December 19, 2014, in which Plaintiff included the following as a statement of his claim:

> Superior Court of N.J. Hudson County Chancery Div., Family Pts., Probation Div. Child Support Enforcement <u>Violated</u> the use of Child Support guideline Appendix 1X-B Type of income IX-A Government Benefits paid. to children
>
> Then gave Social Security Administration, illegal court order in which Social Security Enforce. They refuse to pay Dereck McKinnie back his money an Attorney Michael Ckazar misrepresented Dereck McKinnie.
>
> Dereck McKinnie became disable in August 1985 broken Tibia and fibula same leg broke again in 1987. Dereck McKinnie had Heart (Stint Surgery) in 2002. 2003 (triple By-Pass open heart surgery), and 2014 (3 additional surgeries in July and August); and

**WHEREAS** Plaintiff further indicated under "Demand & Relief Sought" that he is suing for compensatory and punitive damages, for a total of "886 Million and 1 Thousand Dollars" and listed various causes of action including violations of the Equal Protection and Due Process clauses of the Fourteenth Amendment, a cause of action under 42 U.S.C. § 1983, "Disability Discrimination," "Breach of trust," "Misrepresentation," and "Negligence"; and

**WHEREAS** it appears to the Court that Plaintiff seeks review of a child support order entered in New Jersey state court proceedings, and that this Court therefore lacks jurisdiction over the action pursuant to the <u>Rooker-Feldman</u> doctrine, see <u>McAllister v. Allegheny Cnty. Family Div.</u>, 128 F. App'x 901, 902 (3d Cir. 2005) (affirming dismissal of complaint that "although couched as an action against the named defendants for damages . . . plainly seeks to void or

overturn adverse rulings entered in the child-custody litigation by the Allegheny County Court of Common Pleas," because "[t]he Rooker-Feldman doctrine 'prohibits District Courts from adjudicating actions in which the relief requested requires determining whether the state court's decision is wrong or voiding the state court's ruling.'") (citing Desi's Pizza, Inc. v. City of Wilkes-Barre, 321 F.3d 411, 419 (3d Cir. 2003)); see also Zirkind v. New York, No. 07-5602, 2008 WL 199473, at *1 (D.N.J. Jan. 18, 2008) (dismissing amended complaint after 28 U.S.C. § 1915(e)(2)(B) screening based on Rooker-Feldman doctrine where "although couched as an action for damages, the Amended Complaint plainly seeks to void or overturn adverse rulings entered in the child support litigation by the New York Family Court"); and

**WHEREAS**, to the extent Plaintiff has any remaining claims that do not involve asking this Court to void or overturn adverse rulings entered in state court, the Plaintiff has not stated a short and plain statement of those claims pursuant to Federal Rule of Civil Procedure 8(a); and

**WHEREAS** the Court will grant Plaintiff one final opportunity to file an amended complaint that includes a short and plain statement of any of Plaintiff's remaining claims that are not barred by the Rooker-Feldman doctrine, the grounds for the Court's jurisdiction over those claims and the relief that Plaintiff seeks;

**IT IS**, on this 5 day of February, 2015,

**ORDERED** that the Clerk shall re-open the case so that the Court may address Plaintiff's Amended Complaint; and it is further

**ORDERED** that Plaintiff's Amended Complaint is **DISMISSED** without prejudice; and it is further

**ORDERED** that Plaintiff may submit a Second Amended Complaint that cures the deficiencies discussed above within thirty (30) days of the date of entry of this Order; and it is

further

**ORDERED** that if Plaintiff fails to amend his Amended Complaint within the time specified above, the Complaint will be dismissed with prejudice and the matter will be closed.

**SO ORDERED.**

_____
**CLAIRE C. CECCHI, U.S.D.J.**