NOT FOR PUBLICATION

CLOSED

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DERECK MCKINNIE,<br><br>Plaintiff,<br><br>v.<br><br>SUPERIOR COURT OF NEW JERSEY HUDSON COUNTY CHANCERY DIV. FAMILY PART, et al.,<br><br>Defendants. | Civil Action No.: 14-1092 (CCC)<br><br>**MEMORANDUM OPINION AND ORDER** |

**THIS MATTER** having come before the Court by way of the Amended Complaint filed by Plaintiff Dereck McKinnie ("Plaintiff") on December 19, 2014 (ECF No. 13); and

**WHEREAS** the Court dismissed Plaintiff's Amended Complaint on February 5, 2015, because Plaintiff appeared to seek review of a child support order entered in New Jersey state court proceedings, and this Court therefore lacked jurisdiction over the action pursuant to the Rooker-Feldman doctrine, see McAllister v. Allegheny Cnty. Family Div., 128 F. App'x 901, 902 (3d Cir. 2005) (affirming dismissal of complaint that "although couched as an action against the named defendants for damages . . . plainly seeks to void or overturn adverse rulings entered in the child-custody litigation by the Allegheny County Court of Common Pleas," because "[t]he Rooker-Feldman doctrine 'prohibits District Courts from adjudicating actions in which the relief requested requires determining whether the state court's decision is wrong or voiding the state court's ruling.'") (citing Desi's Pizza, Inc. v. City of Wilkes-Barre, 321 F.3d 411, 419 (3d Cir. 2003)); see also Zirkind v. New York, No. 07-5602, 2008 WL 199473, at *1 (D.N.J. Jan. 18, 2008) (dismissing

amended complaint after 28 U.S.C. § 1915(e)(2)(B) screening based on Rooker-Feldman doctrine where "although couched as an action for damages, the Amended Complaint plainly seeks to void or overturn adverse rulings entered in the child support litigation by the New York Family Court"); and

**WHEREAS**, the Court's February 5, 2015 order dismissed the Amended Complaint without prejudice, permitting the Plaintiff to file a Second Amended Complaint including a short and plain statement of any of Plaintiff's remaining claims that were not barred by the Rooker-Feldman doctrine, within thirty (30) days of the date of that order; and

**WHEREAS**, the Court's February 5, 2015 order instructed that if Plaintiff failed to amend his Amended Complaint within the time specified, the Amended Complaint would be dismissed with prejudice and the matter would be closed; and

**WHEREAS**, to date, Plaintiff has not filed a Second Amended Complaint;

**IT IS**, on this 8 day of May, 2015,

**ORDERED** that the Amended Complaint is hereby dismissed, with prejudice; and it is further

**ORDERED** that the Clerk shall close this matter.

**SO ORDERED.**

_____
CLAIRE C. CECCHI, U.S.D.J.